UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60489-CIV-DIMITROULEAS/Snow

VIVIANE AUGUSTIN,

      Plaintiff,

      v

LANGT INC. and DUC NGUYEN,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      THIS CAUSE is before the Court on Defendants' Motion for Relief from Final Judgment (ECF No. 24) and Defendants' Motion to Stay Writ of Execution (ECF No. 25) which were referred to Lurana S. Snow, United States Magistrate Judge for a Report and Recommendation. The motions are fully briefed and an evidentiary hearing was held before the undersigned on January 24, 2018.

## I. PROCEDURAL HISTORY

      This was an action for unpaid wages pursuant to the Fair Labor Standards Act. The Defendants were served with summonses and copies of the Complaint on March 24, 2017. (ECF Nos. 10, 11) After Defendants failed to respond to the Complaint, Plaintiff moved for a default which was entered by the Clerk on the same day. (ECF Nos. 12, 13) On June 9, 2017, the Court entered a Default Final Judgment awarding Plaintiff $9,800.00 in compensatory damages and $4,680.00 in attorneys fees and costs, plus post judgment interest, against Defendants, jointly and severally. (ECF No. 20) Plaintiff obtained a writ of execution on August 23, 2017, which was returned partially executed on September 1, 2017. (ECF Nos. 21, 22) Defendants filed the instant motions seeking a stay of the writ of execution[1] and relief from final judgment on October 5, 2017.

_____

[1]   Plaintiff represented in her response to the motions that she stopped all execution efforts after the Defendants made an initial payment of $8,000.00 towards the judgment and

## II. <u>FINDINGS OF FACT</u>

It is undisputed that Defendant Nguyen was properly served with the summonses and Complaint, and that following Defendants' failure to respond to the Complaint and the entry of a default judgment, a writ of execution was served on August 31, 2017. It is also undisputed that upon the threat of seizure of his equipment, Defendant Nguyen wrote a check for $8,000.00 and entered into a payment agreement for the remaining amount of the judgment. The circumstances leading up to that moment and their significance as to whether this matter should be re-opened are in dispute however.

Defendant Nguyen did not testify at the evidentiary hearing. He did however, submit his own and his brother's Declarations. Defendant avers that on August 31, 2017, while he was at the bank, he received a phone call from his brother who was at Defendants' dry cleaning business, advising him that police had arrived to remove machines and equipment. When he arrived, there were approximately 8 armed officers in uniform, plus 5 more men for moving the machines and equipment. One of the Marshals explained that they were their because Defendants owed $14,000.00 from a lawsuit. According to the Defendant, a woman named Adria Gramberg told him his only option was to give her $10,000.00 or lose his equipment. After phoning friends, Defendant was able to collect $8,000.00 in cash, which he turned over to Ms. Gramberg. Defendant wrote checks for the remainder of the money. (ECF No. 27-2)

Defendant Nguyen's brother, Trung Nguyen avers that on August 31, 2017, while he was at his brother's dry cleaners, approximately seven armed, uniformed officers along with some other men stormed inside. They brought an 18 wheeler vehicle which was parked outside. One of the officers told him that they were waiting for the attorney to arrive. He later found out that the woman, Adria Gramberg, who arrived after the officers, was not actually an attorney. When Ms. Gramberg started to say something about a lawsuit, he explained that he was not the Defendant. He

entered into a payment agreement for remaining amount of the judgment.

called his brother to let him know that the police were taking all of his equipment. The Defendant came very quickly. Ms. Gramberg explained that unless they gave her money, the officers would take the equipment. He made calls and ran all over town to get money. He and the Defendant were able to collect $8,000.00 which they gave to Ms. Gramberg, along with some checks for the remainder. He felt like someone had put a gun to their heads and was traumatized by the situation. <u>Id.</u>

In support of their motion, Defendants filed Articles of Incorporation for the dry cleaning business showing an effective date of January 1, 2016. (ECF No. 24-1). They also submitted a spread sheet showing hours worked by the Plaintiff between January 4, 2016 and February 11, 2017, which are based upon a review electronic time records. (ECF No. 24-2) Finally, Defendants submitted a redacted profit and loss statement for the calendar year 2016 showing gross profit of $441,970.45. (ECF No. 24-3)

Adria Elena Gramberg testified on Plaintiff's behalf. Ms. Gramberg works for the Law Office of Max A. Goldfarb, the law firm that was hired to assist with execution of the judgment in this case. In connection with their efforts to collect the judgment, the firm did an asset search and on August 23, 2017, obtained a writ of execution. In connection with execution of the writ, the firm hired movers at a cost of $3,180.00 and paid the Marshal's service $1,000.00. Other collection expenses included the costs of obtaining certified copies and recording, as well as a liquidation fee of $500.00.

Ms. Gramberg testified that she spoke with the Defendant, who spoke very good English. Defendant told her he came to the United States in 2001 and had studied here. Defendant acknowledged receiving notice of the lawsuit, stated he chose not to defend against it, and asked what he could do to cause the collection efforts to stop. The Marshals suggested he try to reach an agreement. Ms. Gramberg testified that she never represents herself as an attorney and did not do so then. The Defendant paid $8,000.00 that day and agreed to make eleven payments of $1,200.00 plus a final payment $254.14 totaling $13,454.14, to cover the judgment plus expenses incurred in

execution. The Defendant asked her when he would know that this was behind him. Ms. Gramberg told him that he would receive a satisfaction of judgment.

Ms. Gramberg also testified that the Defendant contacted her a couple of weeks ago to ask her to refrain from cashing one of his checks. She told him to have his attorney call her.

In support of her response to the Defendants' motion for relief from judgment, Plaintiff submitted a document entitled Receipt/Payment Agreement, which acknowledges payment in the amount of $8,000.00 received from Duc Nguyen as partial payment on the judgment in this case and evidences Mr. Nguyen's agreement to pay the remaining balance in eleven $1,200.00 monthly payments plus a final payment of $254.14. (ECF No. 26-2)

### III. RECOMMENDATIONS OF LAW

Defendants seek relief from judgment pursuant to Fed.R.Civ.P. 60(b) and 55(c). Fed.R.Civ.P. 55(c) permits the Court to set aside a default for good cause and a default judgment pursuant to Fed.R.Civ.P. 60(b). Rule 60 states in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect.
>
> **(c) Timing and Effect of the Motion.**
>
>   **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding.
>
>   **(2) Effect on Finality.** The motion does not affect the judgment's finality or suspend its operation.

The Court must start with the proposition that there is a strong policy of determining cases on their merits and defaults are viewed with disfavor. In re Worldwide Web Systems, Inc. 328 F.3d 1291, 1295 (11th Cir. 2003) To establish mistake, inadvertence, surprise, or excusable neglect, sufficient to set aside a default, a party must show that: "(1) it had a meritorious defense that might

have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Id.

Defendants contend that Plaintiff misrepresented the hours and weeks she worked in her complaint and that neither enterprise nor individual coverage pursuant under the Fair Labor Standards Act apply to the facts of this case. In other words, Defendants assert that they have a meritorious defense. Defendants also argue that granting their motion would not prejudice the Plaintiff because Defendants already have turned over more than Plaintiff was owed in overtime wages. Finally, Defendants argue that Mr. Nguyen, a Vietnamese immigrant, has a limited understanding of English and although he concedes he received the summons and Complaint, did not understand the process.

The Court notes that although Defendants argue in their papers that Mr. Nguyen's limited English should excuse his failure to respond to the Complaint, his Declaration contains no such assertion, and he did not testify in person at the evidentiary hearing. Ms. Gramberg, on the other hand, credibly testified that Mr. Nguyen's English was very good, that he told her he was educated in this country, and that he chose not to defend against this lawsuit. It was not until the Marshals arrived to execute the judgment that Mr. Nguyen asked what he needed to do to make the collection efforts stop.

Plaintiff also is correct that she will suffer prejudice if the judgment is disturbed. She has yet to receive any compensation for the wages she is owed, as everything Mr. Nguyen has paid thus far is being held in a trust account until this matter is resolved. Should this case be re-opened, it could be another nine to twelve months before resolution. Because the Court is persuaded that Mr. Nguyen made a calculated decision to ignore this case in the hopes that it would go away, the judgment entered as a consequence should not be disturbed.

## IV. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED as follows:

1. Defendants' Motion for Relief from Final Judgment (ECF No. 24) be DENIED; and

2. Defendants' Motion to Stay Writ of Execution (ECF No. 25) be DENIED as moot.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 26th day of January, 2018.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record

6